LARRY R. JACKSON (SBN: 298441)
THE BOESCH LAW GROUP
2917 Santa Monica Blvd.
Santa Monica, California 90404
Telephone:   (310) 578-7880
Facsimile:   (424) 307-5726
ljackson@pboesch.com

Attorney for Plaintiff,
BARFRESH FOOD GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARFRESH FOOD GROUP, INC., a Delaware Corporation with its principal place of business in Los Angeles,<br><br>Plaintiff,<br><br>v.<br><br>SCHREIBER FOODS, INC. and DOES 1 through 100,<br><br>Defendants | Case No. 2:22-cv-08222<br><br>**PLAINTIFF BARFRESH FOOD GROUP, INC.'S OPPOSITION TO DEFENDANT SCHREIBER FOODS, INC.'S MOTION TO DISMISS COUNT 2 OF THE AMENDED COMPLAINT** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES Plaintiff, Barfresh Food Group, Inc. ("Barfresh" or "Plaintiff"), by and through its counsel of record, and in support of its Opposition to Defendant,

Case No. 2:22-cv-08222-PA-RAO

Schreiber Foods, Inc.'s ("Schreiber" or "Defendant") Motion to Dismiss, submits this Memorandum of Law.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Defendant moves pursuant to Rule 12(b)(6) to dismiss with prejudice Count 2 of Plaintiff's Amended Complaint, arguing that Plaintiff's Count 2 does not comply with the particularity required by Rule 9(b). The Defendant is incorrect. Count 2 of Plaintiff's Amended Complaint does sufficiently allege a fraud claim, and even if it did not, leave should be granted to allow additional facts to be pled.

## II. LEGAL STANDARD

When deciding a motion to dismiss, a court must assume that all well-pled factual allegations are true and then determine whether they plausibly give rise to an entitlement to relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A "court must also construe the alleged facts in the light most favorable to the plaintiff." *Dang v. S.F. Forty Niners*, 964 F. Supp. 2d 1097, 1103 (N.D. Cal. 2013) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)). As this Court recently reaffirmed, the issue "is not whether the party will ultimately prevail, but whether the party is entitled to offer evidence to support the claims asserted." *WM Int'l, Inc. v. Golden Lyon Inv. Co.,* Case No. CV 20-00995-CJC (JPRx), 2020 WL 6826485, at *3 (C.D. Cal. Nov. 5, 2020). "A complaint should not be dismissed unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Smith V. Allstate Ins. Co.*, 160 F. Supp 2d 1150, 1153 (S.D. Cal. 2001).

## III. ARGUMENT

The Amended Complaint sufficiently alleges a fraud claim. "Allegations of fraud

must be specific enough to give 'defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, No, 07-CV-912-IEG (BLM), 2007 WL 2206946, at *5 (E.D. Cal. July 27, 2009). Generally, that requires plaintiffs to allege the time, place and content of the alleged misrepresentation and facts showing why the statement was false when made. *Eugene N. Gordon, Inc. v. La-Z-Boy, Inc*. Case No. 2:06-cv-2353-MCE-DAD, at *6 (E.D. Cal. 2007). Plaintiffs "may aver scienter generally, just as the rule states – that is, simply by saying that scienter existed." (internal citation omitted). *Hands on Video Relay Services, Inc. v. American Sign Language Services Corp.,* Case No. CIV.S-09—996 LKK/DAD, 2009 WL 8691614 at *11 (E.D. Cal. August 12, 2009) *Accord, U.S., ex rel. Modglin v. DJO Glob. Inc.,* 114 F. Supp. 3d 993, 1011–12 (C.D. Cal. 2015), *aff'd sub nom. United States v. DJO Glob., Inc*., 678 F. App'x 594 (9th Cir. 2017). "The Ninth Circuit acknowledged that this rule might allow additional undesirable suits to proceed past the pleading stage but held that 'we are not permitted to add new requirements to Rule 9(b) simply because we like the effects of doing so.'" *Hands on Video Relay Services, Inc. v. American Sign Language Services Corp. supra,* (Quoting *GlenFed, Inc. Sec. Litig.,* 42 F. 3d 1541, 1546-47 (9th Cir. 1994).

The Plaintiff has alleged its fraud claim with sufficient particularity as to time, place, persons, statements made and provided sufficient allegations regarding scienter. Specifically, <u>as to time</u>, Plaintiff has alleged that the statements made by Defendant's employees were made during negotiations <u>soon after November 25, 2019</u>. <u>(Dkt. 11, Am. Compl., ¶ 74)</u>. As to <u>place</u>, Plaintiff has alleged the fraudulent statements made by Defendant's employees were made by <u>phone, email and in person at Schreiber's head office and facility in Green Bay, Wisconsin…."</u> <u>(Dkt. 11, Am. Compl., ¶ 74)</u>. As to <u>persons</u>, Plaintiff identified <u>Sharon Murphy</u>, (Director Contract Manufacturing, Retail Sales) and <u>Kurt Koszarek</u> (Senior VP Retail Sales) as the persons making the fraudulent

representations. (Dkt. 11, Am. Compl., ¶ 74). As to statements made, Plaintiff has alleged that Murphy and Koszarek "made specific representations that Schreiber had the capacity to produce up to an agreed upon number of bottles of Barfresh product per year in line with the Agreement specifications, Barfresh's intended purpose and shelf life requirements." (Dkt. 11, Am. Compl., ¶ 74). Plaintiff further alleged that at the same time, "these negotiators made specific representations that Schreiber would have the correct and sufficient equipment which would allow it to produce the contractually promised amount of Barfresh product." (Dkt. 11, Am. Compl., ¶ 75). Plaintiff further alleged that at the same time, "these negotiators made specific representations that Schreiber could produce up to the agreed upon number of bottles of Barfresh product per year with an agreed upon and acceptable level of wastage." (Dkt. 11, Am. Compl., ¶ 76). Regarding Defendant's scienter, Plaintiff has alleged that from the outset of the Agreement, Schreiber failed to maintain minimum available capacity to produce Barfresh products in breach of the Agreement, "resulting in missed deliveries and resulting in millions of dollars in lost sales and lost customers." (Dkt. 11, Am. Compl., ¶ 39). Plaintiff further alleged that from the outset of the negotiations, "Schreiber fraudulently concealed the fact that Schreiber did not have the capabilities being represented by its negotiators…." (Dkt. 11, Am. Compl., ¶ 77). Thus, the allegation of the Defendant's intent not to comply with the representations when made is supported by the factual allegation that the Defendant lacked the capacity to do so and concealed that fact from Barfresh. "To be sure, fraudulent intent must often be established by circumstantial evidence." *Tenzer v. Superscope. Inc.* (1985), 39 Cal.3d 18. Importantly, the Agreement, which is attached to the Amended Complaint, sets out specifically what the agreed number of bottles and acceptable level of wastage which Barfresh demanded and which Schreiber's employees falsely represented it could meet. These allegations sufficiently state a claim for fraud.

This Court's decision in *Westcliff LLC v. Wells Fargo Bank N. A.*, Case No.

SACV 14-01941 JVS (DFMx), 2017 WL 10057509, at *4 (C.D. Cal. 2017) is instructive. There the defendants argued that the plaintiff had failed to plead fraudulent intent specifically enough and argued that plaintiff had failed to allege sufficiently the who, what, when, how and where regarding the false representations. *Id.* Regarding the allegations of fraudulent intent, this Court said, "Malice, intent, knowledge and other conditions of the mind may be alleged generally." Fed. R. Civ. P. 9(b).

> The requirement that a plaintiff explain why a statement was false when made, 'may support an inference of scienter, but that is not required under Rule 9(b). (citation omitted). All that is required to allege fraudulent intent under Rule 9(b) is 'simply [to say] that scienter existed.' (citation omitted). Contrary to Defendants' assertion, there is no requirement that [plaintiff] plead "inconsistent contemporaneous statements or information which was made by the defendant along the lines of 'I knew it all along.' *Id.*

Regarding the who, what, when, how and where, the *Westcliff* Court easily found the allegations sufficient to state a fraud claim at the pleading stage. The Court found that the plaintiff had identified the "who," i.e., the persons making the representation (Oliner and Greenholtz). The Court found that the plaintiff had identified the "what," i.e., what the statements made were about (they would engage in discussions). The Court found that the plaintiff had identified the "when," i.e., August and September of 2011. And the Court found that the plaintiff had identified the "how" and "where" by alleging the statements were made over email and by telephone calls. *Id.*

As shown above, it is clear by a review of the instant Amended Complaint that the Plaintiff here has alleged at least as much, if not more, detail regarding the who, what, when, where and how of the fraudulent statements made by Schreiber than was found to be sufficient in *Westcliff LLC v. Wells Fargo Bank N. A.*, *supra*. Clearly the Defendant has been put on "notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, *supra* at

*5. That is all that is required.

If the Court should disagree and believe more particularity is required, Plaintiff respectfully requests leave to further amend its complaint to supply such additional detail. Under Federal Rule of Civil Procedure 15(a) leave to amend should be given freely. "As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. '[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir.1988) (internal quotation marks omitted). "That is, leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee*, 236 F.3d at 1019 (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)). "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)).

## IV. CONCLUSION

For the reasons set forth above, Barfresh respectfully asks the Court to deny Defendant's Motion, or in the alternative, allow Barfresh leave to amend the Amended Complaint.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel for Plaintiff, Barfresh, certifies that this brief contains 1,655 words, which complies with the word limit of L. R. 11-6.1.

DATED: December 30, 2022                    THE BOESCH LAW GROUP

By: /s/ Larry R. Jackson

Larry Jackson
Attorney for Plaintiff
BARFRESH FOOD GROUP, INC.